IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,458-01






EX PARTE DAVID WAYNE DUCK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04F0606-102-A IN THE 102ND DISTRICT COURT


FROM BOWIE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance, methamphetamine, in an amount of more than 200 grams but less than 400
grams, and sentenced to forty years' imprisonment. The Sixth Court of Appeals affirmed his
conviction. Duck v. State, No. 06-06-00054-CR (Tex. App. - Texarkana, April 3, 2007, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance. First,
he alleges that counsel failed to seek fingerprint testing of jars of liquid found in Applicant's storage
room, to help determine whether Joanna Shope's allegation that she had planted the jars without
Applicant's knowledge was true. Second, he alleges that counsel failed to find and call witnesses
Whitney, Randy Jewell, and Carlene Carter to corroborate Shope's and Don Wild's testimony that
Shope had planted the jars found in Applicant's storage room. Third, he alleges that counsel failed
to properly object to extraneous offense evidence, including: (1) evidence that pornography and a
pistol were found in Applicant's house and expert testimony that people who operate
methamphetamine labs or habitually use methamphetamine tend to possess pornography and
weapons; (2) evidence of Applicant's financial problems, including an I.R.S. lien on his home; (3)
evidence of a domestic disturbance call from Applicant's house shortly before trial; and (4) the
State's assertion that a prior case against Applicant had not gone to trial because Applicant had
beaten up and intimidated a potential witness. Fourth, Applicant alleges that counsel failed to
request a jury instruction on a lesser offense after Shope testified that she had planted 258 grams of
methamphetamine in Applicant's storage room without his knowledge.

 Finding that Applicant alleged facts that, if true, might entitle him to relief, this Court
remanded the application to the trial court to complete the record and enter findings of fact. This
Court ordered the trial court to provide Applicant's trial counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. However, the record following remand does
not reflect that counsel was given the opportunity to respond. Nor does the record include counsel's
response, if any.

 This Court has determined that the allegations of ineffective assistance of counsel cannot be
resolved on the current record. The trial court shall provide Applicant's trial counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel. If the trial court
elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 Following receipt of additional information, the trial court shall make additional findings of
fact and conclusions of law as to whether the performance of Applicant's trial attorney was deficient
and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 26, 2008

Do not publish